1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO BACKUS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>C/E AUTO SALES, a business entity, form unknown; CHARLES EDWARD MCVAY, an individual; CREDIT ACCEPTANCE CORPORATION, a Michigan corporation; WESTERN SURETY COMPANY, a South Dakota corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 11-CV-170 BEN (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO REMAND TO CALIFORNIA SUPERIOR COURT FOR LACK OF FEDERAL SUBJECT-MATTER JURISDICTION; AND**<br><br>**(2) DENYING MOTION TO ENFORCE ARBITRATION AGREEMENT AS MOOT IN LIGHT OF REMAND**<br><br>[Doc. ## 5 & 6] |

All parties now jointly move the Court to remand this action to California superior court. As their consensus opinion, the parties assert that the removal of January 26, 2011, was "improvident" because "the amount in controversy requirement for the particular Federal enactment at issue in this case may not be satisfied here." (Joint Mot. Remand to State Court [Doc. # 6] at 2:12 [referring to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–12.].)

The Court has reviewed the joint motion and the pleadings in this case and finds that

good cause exists to remand the action back to San Diego Superior Court.

As a matter of law, the Court notes that it is presumed to lack jurisdiction unless a removing party can prove otherwise. *See Kokkenen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction .... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted); *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989). Consequently, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1982). Here, the parties unanimously doubt the propriety of the initial removal from San Diego Superior Court.

Accordingly, the joint motion of Plaintiff ALONZO BACKUS and Defendants CREDIT ACCEPTANCE CORPORATION, C/E AUTO SALES, CHARLES E. MCVAY, and WESTERN SURETY COMPANY is **GRANTED**. The Court hereby remands this action to the San Diego Superior Court. In light of this remand, Defendant Credit Acceptance Corporation's pending Motion to Enforce Contractual Arbitration [Doc. # 5] is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: February /8, 2011

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE